### In re ELLETT ELECTRIC CO.

(District Court, W. D. New York.  May 10, 1912.)

1. BANKRUPTCY (§ 476*)—ALLOWANCES FROM ESTATE—SERVICES OF STENOGRAPHER.

An allowance to a stenographer who took down testimony relating to claims before a referee, exceeding $1 per page for three copies, held excessive, and reduced to 40 cents per page, and other allowances to officers and attorneys considered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 898, 899; Dec. Dig. § 476.*]

2. BANKRUPTCY (§ 476*)—ALLOWANCES FROM ESTATE—VALUE OF ESTATE.

In making allowances to officers and attorneys for services rendered in a bankruptcy case, the value of the estate must be taken into consideration.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 898, 899; Dec. Dig. § 476.*]

In the matter of the Ellett Electric Company, bankrupt. On petition to review referee's order allowing a claim against the bankrupt estate and readjusting allowances. Affirmed in part.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles Marvin, for trustee.
Richard H. Thurston, for claimant.
Herendeen & Mandeville, for creditors.

HAZEL, District Judge. I have carefully considered the evidence herein, and am of opinion that the claimant, Ellett, has not preponderatingly shown that the Glass Company had the right to reclaim the domes shipped to the bankrupt, the Ellett Electric Company, at about the time of the bankruptcy, nor, indeed, am I satisfied by the uncontradicted evidence adduced before the referee that the said claimant has shown an equitable assignment to him of the Glass Company debt, and therefore, without deeming it necessary to narrate further details of the controversy, I think that the order of the referee to the effect that the trustee pay Mr. Thurston $75 on account of said claim must be disapproved.

[1] As to the allowances. According to the certificate of the referee, the assets of the bankrupt estate realized $590.78, and he made allowances to the trustee, his attorney, to the attorney of the bankrupt, and to stenographers amounting to $325.94, leaving a balance of $164.84, taking into consideration the disapproval of the Ellett claim, for distribution among preferred creditors. In view of the services rendered, certain of the allowances are thought excessive.

The record consists of 53 pages, of which only about 30 are testimony. The stenographers were allowed $62.12, which amount is inordinate. Where three duplicate copies are supplied, a charge of 40 cents per page has in other cases that have come before this court been held a fair and reasonable compensation. The assets of the estate were known to the trustee at the time the Ellett claim against the bankrupt was before the referee to be insufficient to pay in full the preferred claims; therefore, it would have been sufficient to have taken the substance of the evidence arising on the disputed claim, and a summary disposition would have been proper. If the claimant desired a fuller examination or more complete record, he himself should have borne the stenographer's expenses. By section 38, subd. 5, of the Bankruptcy Act (July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3436]), on the application of the trustee, a stenographer may be employed at the expense of the estate, but the compensation cannot exceed 10 cents per folio for reports and transcripts of the proceedings. In view of the fact that three duplicate copies were furnished, perhaps a reasonable additional compensation would not have been subject of criticism, though I think that additional copies should be paid for by the parties desiring them. The large outlay for stenographer's fees and charges before referees and special masters in bankruptcy is a serious barrier to an economical administration of estates in bankruptcy, and such expenses should be curtailed whenever possible. In the federal courts, where there is no official stenographer, the expense for taking shorthand notes of examination and transcribing the same is usually divided by the litigants and taxed to the extent of the amount paid in favor of the prevailing party. The record in this case does not show that the trustee authorized the employment of the stenographers or objected thereto. As

much of the expense was incurred in conducting the examination relating to the Ellett claim, the expense for stenographer's services should rightly fall on the defeated party, but, as no objection to the employment of a stenographer was made by the trustee, I will allow an expense not exceeding $21.20, or 40 cents per page for the three copies of testimony to be charged against the estate. As bearing upon the right to employ stenographers in bankruptcy examinations, see In re Rozinsky (D. C.) 101 Fed. 229, and In re Todd (D. C.) 109 Fed. 265.

The allowance to the trustee exceeds that granted by section 48 of the Bankruptcy Act, as amended by Act June 25, 1910, c. 412, § 9, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1501). Under such provision, the trustee, in addition to a fee of $5 deposited with the clerk at the time of filing the petition, may receive as a commission on moneys deposited by him a sum not exceeding 6 per cent. on the first $500 and 4 per cent. on moneys in excess of $500 and less than $1,500, etc., and under subdivision "e" he may receive double compensation where the business has been conducted by the trustee. This would entitle the trustee herein to receive in full for his services the sum of $67.26.

[2] The allowance to the attorney for the bankrupt is reduced to $75. In view of the meagerness of the estate, the allowance of $155 to the attorney for the trustee was fair and reasonable, and, in addition to the said compensation, he is allowed by this court $25 and $5.88 for services and expenses incurred in this review. If the value of the estate so permitted, perhaps a more liberal allowance would be justified, but such value manifestly must be taken into consideration in making compensation for services rendered. The allowance for referee's expenses will not be disturbed in view of rule 33 of this district, which allows referees to collect an indemnity against their actual necessary expenses in the administration of estates, the same not to exceed $6 in each no asset case referred to them, and in asset cases a reasonable sum in addition, dependent upon the probable number of hearings, to be paid out of the estate.

An order may be drawn readjusting the allowances, and the dividend distributed among the preferred claims in accordance with these views. So ordered.