In re KETTERER MFG. CO.

(District Court, M. D. Pennsylvania. August 23, 1907.)

No. 964, in Bankruptcy.

BANKRUPTCY—ELECTION OF TRUSTEE—VALIDITY.

Exceptions to the election of a trustee in bankruptcy, which was approved by the referee, overruled, where the election was by a large majority of the creditors in number and amount of claims, and the only substantial objection was that it was brought about by a conspiracy between the attorney representing a majority of the creditors and a former officer of the bankrupt corporation to secure control of the property, but the trustee chosen was apparently a competent and disinterested person.

In Bankruptcy. On certificate from J. R. Vandersloot, referee.

Sidney E. Smith and C. E. Ehrehart, for exceptions.

C. J. Delone, opposed.

ARCHBALD, District Judge. There have been three elections of a trustee in this case. One the referee set aside, another was set aside by the court, and the third, having been approved by the referee, comes up now upon exceptions. Sixty-five claims which had been allowed by the referee were voted at the last meeting of creditors, of which 49 aggregating some $18,000, were cast for R. L. Ehrhart, and 16, aggregating $7,786, for Paul Winebrenner, Mr. Ehrhart being declared elected. Of those voting for Mr. Ehrhart, 33, however, were excepted to, leaving 16 that were not, which together amount to but $1,550; so that, if the exceptions are sustained, the election must be declared invalid, neither party commanding the requisite majority. But the objections to some of the principal claims[1] are so obviously without substance that by no possibility can they prevail. And these added to those as to which there is no question, without stopping to consider others, gives such a decided preponderance in favor of the trustee now selected—25 in number, and over $16,000 in amount—that, unless it is made plain that the selection will be prejudicial to the best interests of those concerned, there should be no further delay in confirming it.

It is charged that Mr. Ehrhart is chosen by means of claims represented by Mr. Delone which have come to him through a circular letter sent out by Mr. Hopkins in which they were solicited; he and Mr. Hopkins having conspired together, as it is said, to secure the control of the company's property, the estate, if judiciously administered, being sufficient to pay all creditors and leave something over for stockholders. No doubt Mr. Delone and Mr. Hopkins are acting together; and it must be confessed that Mr. Hopkins' management of the affairs of the company which brought about its present difficulties is seriously discredited. It is also true that, after Mr. Hopkins was deposed, he was instrumental in having a bill filed against the company by which it was put into the hands of a friendly receiver in the state courts, which forced the present proceedings in bankruptcy. And in the issues made in this court between the majority and minority stockholders the court, being compelled to elect, has so far felt called upon to favor the majority. But in the selection of a trustee the law makes paramount the wishes of creditors, within certain limits, and Mr. Hopkins certainly enjoys the confidence of a decided majority of these, proved and unproved, whatever may be the case among his fellow stockholders. The trustee now chosen also is an apparently competent and indifferent party, who has been approved by the referee who is better advised with regard to the local conditions than the court can

[1] Such as Sullivan & Sons, $2,259.18, Edward Stinson Manufacturing Company, $1,074.97, Hoopes Bros. & Darlington, $1,561.34, H. N. Gitt, $2,002, James H. Cranwell, $2,802.52, J. Gibson McIlvaine Company, $1,325.35, E. R. Merrill Spring Company, $2,386.60, Union Forging Company, $646.02, and C. J. Delone, $750.

be. It is said that he is a client of Mr. Delone, and will be influenced by him; but that is an undue assumption. It is also objected that the claims represented by Mr. Delone, by which the election was carried, were improperly solicited, as before stated. But enough to elect were in Mr. Delone's hands before the proceedings in bankruptcy were instituted. The only other thing is the charge of conspiracy between Mr. Delone and Mr. Hopkins and that the trustee is chosen to represent them. But that he will lend himself to anything which will favor one side more than another is hardly likely, particularly after this warning; and, if he should, the court is open to redress it.

The objections are therefore overruled, and the action of the referee approving the election is confirmed.