IN THE MATTER OF MANUEL APONTE CINTRON,
Bankrupt.

San Juan, Bankruptcy, No. 366.

Opinion filed December 14, 1923.

*Mr. Vicente Zayas Pizarro* for petitioning creditors.

*Mr. R. V. Perez Marchand* for E. Flores Colon, F. B. Fornaris, and for himself.

ODLIN, Judge, delivered the following opinion:

The records of this court show that the trustee in bankruptcy

received in cash from the proceeds of the sale of the property of the said bankrupt a total of not quite $9,000, and that between October 17, 1921, and March 15, 1922, the trustee paid for expenses of administration and for attorneys' fees a total of $8,170, leaving in his hands on March 16, 1922, the sum of $811, and that no creditor has received one dime. These facts are admitted by all the parties. Certain of the creditors applied to this court for relief with respect to three items. First, the payment to the attorney E. Flores Colon of a total of $4,000 in payment for services rendered in his capacity as attorney for the bankrupt. This court has already ordered E. Flores Colon to refund $3,600 of that money. It is also conceded that on February 21, 1922, upon an order of the former referee in bankruptcy, there was paid to Mr. R. V. Perez Marchand, attorney at Ponce employed by the trustee, the sum of $1,500. It is further admitted that on March 4, 1922, Mr. F. B. Fornaris, an attorney at Ponce, also employed by the trustee, received the sum of $750.

But it is fair to say that these payments were made by the former referee in bankruptcy, whose resignation was accepted by the present judge of this court about the time that charges were being prepared against him, the said former referee.

As to the question whether the payment of the $1,500 to R. V. Perez Marchand and the payment of $750 to F. B. Fornaris were made by virtue of an order of the former referee in bankruptcy after notice to the creditors seeking the review, this is disputed; but after hearing the testimony of the witnesses at Ponce during the time that this court last sat in that city, it was established satisfactorily to my mind that these petitioning creditors did not have notice or knowledge of these payments

to Marchand and Fornaris until shortly before the filing of the petition for review, and the date of such filing is June 5 of this present year 1923.

The first question that arises in disposing of this matter is whether this court has power at this time to entertain the petition. The said attorneys rely upon Rule 88 of this court, which reads as follows: "A petition for review shall be filed with the referee in bankruptcy within twenty days from the decision complained of, or it shall be considered waived. The referee shall certify papers as provided by Bankruptcy Rule 27 within one week of the time such petition is filed with him."

It needs no argument or long discussion to convince any reasonable person that this rule refers only to such matters with respect to which the complaining parties have knowledge. Where the referee directs the trustee to make payments of this nature without notice to the creditors, how can it be said that the creditors waive any rights that they may have because of failure to file a petition with the referee within twenty days?

Furthermore, it is expressly stated by Mr. Collier in the 13th edition of his work on Bankruptcy recently issued, vol. 2, page 1358, that the allowance by the referee for the services of an attorney acting on behalf of the trustee is not a final adjudication, but is a mere administrative order subject to re-examination at any time before the closing of the estate.

Therefore, it being clear that it is the duty of this court to act upon this petition, an examination has been made by me of the latest decisions of important Federal courts, and the one which has impressed me most strongly is a decision by the United circuit court of appeals for the fourth circuit rendered in May, 1922, reported in 281 Fed. page 827, also found in vol.

49 of the Am. Bankr. Rep. at p. 37. This is the case of Williams v. Huntley as trustee in bankruptcy. In this case the property of the bankrupt produced the sum of $8,100, less than the proceeds of the sale of the property of Manuel Aponte Cintron. (It.is fair to say that Manuel Aponte's nominal assets were something like $90,000, but about $80,000 consisted of property mortgaged for its full value, and these properties which were mortgaged were taken over by the mortgagees, so that the actual assets handled by the trustee in bankruptcy were under $9,000.) In the case last cited an attorney named R. E. Hanna asked the district judge to allow him $1,500 for attorney's fees. The district judge deemed this sum excessive and allowed him the sum of $300 only. Application was made to the circuit court of appeals to revise this order, but the ruling of the district judge was affirmed, the late Circuit Judge Knapp writing the opinion. He states here that the district judge, with full knowledge of the facts, allowed the attorney such sum as he deemed to be adequate and reasonable; and it is also stated that the record discloses no evidence that such discretion was exercised improvidently; and therefore the ruling of the district judge was affirmed.

In arriving at the conclusion which I think should be reached in this unpleasant matter, I have been guided largely by other statements in Mr. Collier's work on Bankruptcy, and he states on pages 1351 and 1352 that economy in the administration of estates is the policy of the present law and is to be strictly enforced. He cites the case of Re Meis, 18 Am. Bankr. Rep. 104; also the case of Re Ketterer Mfg. Co. reported in 155 Fed. 987. He goes on to say that this principle must be kept in mind when fixing the compensation of attorneys, citing the

case of Re Lang, 127 Fed. 755, and the case of Re Taylor, 280 Fed. 127.

Furthermore, attorneys should be allowed reasonable compensation for services rendered, but only when they are beneficial to the estate. And he cites the case of Randolph v. Scruggs, 190 U. S. 533, 47 L. ed. 1165, 23 Sup. Ct. Rep. 710; Re Zier & Co. 73 C. C. A. 326, 142 Fed. 102; also the case of Re Covington, 132 Fed. 884; and the case of Re Duran Mercantile Co. 199 Fed. 961.

Therefore, in view of these decisions it is clear that the duty rests upon me of determining first that the compensation to these two gentlemen should be reasonable, but only when the services rendered by them are beneficial to the estate. Mr. R. V. Perez Marchand and Mr. F. B. Fornaris both testified. They admitted that the work done by them was in regard to matters which they hoped would yield funds hereafter to the trustee in bankruptcy, but inasmuch as the trustee informs me that he has in the bank to-day less than $200, and the creditors have received nothing, these services performed by Mr. Perez Marchand and by Mr. Fornaris have thus far yielded the estate nothing. Therefore, the only just and proper thing that I can do in this matter is to reduce the allowances of these two lawyers to a fair and reasonable amount, reserving to them the right, if they see fit, to continue their efforts in their search for undisclosed assets, reserving to them the right to apply for all reasonable compensation hereafter in case such undisclosed assets shall be brought to the surface, converted into cash, and result in a fund available to the creditors of the bankrupt.

In view of these decisions, it is Ordered that the said R. V. Perez Marchand be allowed to retain $200 and refund the sum

of $1,300; and with respect to F. B. Fornaris, it is Ordered that he be allowed to receive the sum of $200 and refund the sum of $550.  Ordinarily this court would direct that these refunds be made to the present trustee; but it so happens that a petition is pending before this court undecided for the removal of this trustee, and therefore it seems to me the only wise procedure is for these two attorneys to deposit the amounts above set forth with the clerk of this court.

Therefore, it is Ordered that the said R. V. Perez Marchand on or before the 31st day of December, 1923, deposit with the clerk of this court the sum of $1,300, to be held by the clerk as a special fund subject to the further order of this court.  And it is further Ordered that the said F. B. Fornaris on or before the 31st day of December, 1923, deposit with the clerk of this court the sum of $550, to be held by the clerk of this court as a special fund subject to the further order of this court.

The right is specifically reserved to either or both these attorneys to continue their services as counsel for the trustee if they desire, either one of them or both, in efforts to produce further funds for the trustee of the said bankrupt arising out of the assets of the said bankrupt which are now concealed, and if success shall follow their efforts, a proper allowance will be made to them by this court later.

To this order and opinion the said R. V. Perez Marchand and the said F. B. Fornaris except.

Done and Ordered in open court at San Juan, Porto Rico, this 14th day of December, 1923.