## In re JOHN A. ETHERIDGE FURNITURE CO.

(District Court, D. Kentucky. February 14, 1899.)

1. BANKRUPTCY—SUSPENSION OF STATE INSOLVENCY LAWS.
    The enactment by congress of a national bankruptcy law suspends the operation of state insolvency laws.

2. SAME—APPOINTMENT OF RECEIVER PENDING ADJUDICATION.
    Where proceedings in bankruptcy are instituted against a corporation, on the ground of its having made a general assignment for the benefit of creditors, and the answer admits the insolvency of the company and the making of the assignment, and the assignee is in possession of the estate, and is proceeding to administer the same under the direction of a state court, in accordance with the insolvency law of the state, the court of bankruptcy has jurisdiction to appoint a receiver to take charge of the estate pending the adjudication in bankruptcy.

**3. SAME.**

On an application to the court of bankruptcy for the appointment of a receiver of the property of an insolvent corporation, against which proceedings in involuntary bankruptcy are pending, the act of bankruptcy charged being the making of a general assignment for creditors, where it appears that the assignee is a creditor of the corporation, and desires the appointment of a receiver, and that he is perfectly solvent, is in possession of the assigned property, and has had the same inventoried and appraised, such assignee may himself be appointed receiver, upon giving a bond, to be approved by the court, for the faithful performance of his duties as such receiver.

**4. SAME—PLEADING—ANSWER.**

In proceedings in involuntary bankruptcy, the allegation of the petition that the petitioning creditors have provable claims which amount, in the aggregate, in excess of the value of securities held by them, to $500, is not met by an answer that they had not provable claims to the required amount at the time of the commission of the act of bankruptcy charged.

**5. SAME—INTERVENTION—CREDITORS JOINING IN PETITION.**

The requisite number of creditors having filed a petition in involuntary bankruptcy, other creditors of the respondent, having provable claims, may intervene and join in the petition.

In Bankruptcy. On motion for the appointment of a receiver.

W. W. & J. R. Watts, for petitioning creditors.

Fred Forcht, for alleged bankrupt.

J. R. W. Smith, for assignee.

BARR, District Judge. The Marietta Chair Company, the Phœnix Manufacturing Company, the Northwestern Wire-Mattress Company, and the Illinois Glass Company, four creditors of the John A. Etheridge Furniture Company, have filed a petition to declare that company an involuntary bankrupt. The grounds alleged in the original petition are that the John A. Etheridge Furniture Company, being insolvent, on the 20th day of January, 1899, made, executed, and delivered to John J. Hyatt a general deed of assignment of all of its property for the benefit of its creditors, which assignment was duly executed, acknowledged, recorded, and delivered. This is the only ground alleged in the petition filed January 21, 1899. However, in a petition which seems to be intended to be a petition for the appointment of a receiver, filed January 31, 1899, the same petitioners have set out that John J. Hyatt, the assignee in the general deed of assignment executed on the 20th day of January, 1899, was a creditor of the Etheridge Furniture Company in a large sum of money, and that he now holds money and securities for money and other evidences of debt, belonging to the Etheridge Furniture Company, in his capacity as creditor, and which had theretofore been transferred to him (Hyatt) as creditor, for a pre-existing debt, and in preference to the creditors of the said Etheridge Furniture Company, including the petitioners. It is also alleged that said Etheridge Furniture Company executed and acknowledged a chattel mortgage to one Charles G. Hulsewede, to secure said Hulsewede in his indorsement of a note of $5,700 executed by said furniture company to said Hyatt; that this mortgage is dated the 11th of August, 1898, but was not recorded until the 20th of January, 1899; that said Hyatt got the benefit of said $5,700 note; and that it is a device by which he gets a preference

over the creditors of said company, through the agency of the chattel mortgage given to Hulsewede. This petition was filed on the 31st of January, when a motion was made for the appointment of a receiver by the petitioning creditors. The motion for the appointment of a receiver was laid over until the 2d of February, with leave to both sides to file affidavits. On that day, John G. Hyatt, against whom a subpœna was issued on the original petition, filed an answer, as did also the Etheridge Furniture Company. The answer of the furniture company admits that it was insolvent on the 20th day of January, 1899, and that it then made a general assignment for the benefit of its creditors to the assignee, Hyatt, and sets out what seems to be intended as grounds why it should not be declared an involuntary bankrupt: (1) It denies that the petitioning creditors had claims provable against that company in excess of securities held by them, amounting to the sum of $500; (2) it is alleged that the assignee, Hyatt, named in the general deed of assignment, has qualified and accepted the trust, and taken possession of all of the assets of the defendant, and that on the same day, to wit, on the 20th of January, 1899, said Hyatt, as assignee, filed in the Jefferson circuit court of Louisville, Ky., against the petitioners and other creditors of said furniture company, his bill in equity, and thereby placed said assigned estate in the hands of said court, and that said court is now directing and administering said trust estate in the law and equity division of said court. The assignee, John J. Hyatt, filed his answer on the same day, in which he denies that the furniture company has in any way or manner made a preference to him over the other creditors in the petition, and denies that he had anything to do with, or is in any manner interested in, the mortgage of the furniture company to Charles G. Hulsewede, or that he knew of the existence of said mortgage or its execution, or of its being of record until after the assignment was made. He alleges that he is executing the deed of assignment, collecting the debts, and reducing the assigned property to money. He also alleges that he is the largest creditor of the furniture company, and insists that he should have a voice in its liquidation, and alleges that he is solvent, and abundantly able to respond for any of the trust estate that may come into his hands, and desires, if the court should appoint a receiver, that he himself should be the receiver appointed.

The only motion before the court is the motion to appoint a receiver, as the question of the involuntary bankruptcy was not ripe for consideration; and that raises the question of whether the fact of the general assignment under the state law, and its being administered in the state court, is a sufficient reason why this court should not take jurisdiction of the motion to appoint a receiver. The making of the general assignment for the benefit of creditors is one of the acts of bankruptcy prescribed by the bankrupt act, and as the insolvency of the furniture company at the time of the execution of this assignment is admitted by the furniture company, the question arises whether or not this court should appoint a receiver to take possession of the assets of the furniture company before said company has been adjudicated a bankrupt. As congress has been empowered by the

federal constitution to pass a bankrupt law, it may be assumed, we think, as true, that the jurisdiction of the bankrupt court is exclusive, and must be so far as is necessary to adjudicate that the party is a bankrupt, and to settle and liquidate the estate of the bankrupt thus declared, and that this jurisdiction cannot be concurrent with that of the state courts, but must be exclusive, and that the insolvent laws of the state are suspended after the passage of the bankrupt act. Subsection B of section 71 provides: "Proceedings commenced under said insolvent laws before the passage of this act shall not be affected by it." This would clearly indicate that proceedings commenced after the passage of the bankrupt act cannot be effectual to prevent the administration of the bankrupt estate in bankruptcy. To allow the bankrupt to select the trustee to administer upon his estate, instead of the creditors, as provided in the bankrupt act, or to allow the state court to take jurisdiction of the estate of the bankrupt, and administer and distribute it, would effectually destroy the efficiency of any bankrupt act that might be enacted by congress, and thus effectually destroy the power granted to congress to pass a bankrupt act. This view is taken by Judge Brown, district judge of the Southern district of New York, in the well-considered case of In re Gutwillig, 90 Fed. 475; and by Judge Seaman, of the Eastern district of Wisconsin, in Re Bruss-Ritter, Id. 651; and also by the supreme court of Massachusetts, in Manufacturing Co. v. Hamilton, 51 N. E. 529. It follows, therefore, we think, notwithstanding the furniture company has not yet been declared a bankrupt, in view of its admission of the grounds of bankruptcy, this court ought to grant the motion for the appointment of a receiver.

The denials and allegations of the answer of the furniture company are so indefinite in regard to the amount of debt due the petitioning creditors that I do not think it makes an issue upon the question of those creditors having an indebtedness exceeding $500. It is true that they deny the Illinois Glass Company has a claim of $14.85 or any other sum; but this is the only explicit denial as to the indebtedness of the petitioning creditors, and this is a very small part of the claims set out. The denial that the petitioning creditors, at the time of the execution of the general assignment, had claims provable against the furniture company in excess of securities held by them, amounting to the sum of $500, is not material. The allegation of the petition itself is that they had provable claims amounting in the aggregate in excess of securities held by them to the sum of $500, not that they were creditors to that amount at the time of the assignment. The West Michigan Furniture Company, a Michigan corporation, and Showers Bros., tendered, on the 2d of February, an intervening petition to be made co-petitioners with the Marietta Chair Company, etc., against the Etheridge Furniture Company, and asking to join in the prayer of the original petition. These creditors allege claims against the furniture company of over $1,200. This application will be granted, and said parties will be made co-plaintiffs with the original petitioners.

In view of the fact that the defendant Hyatt desires the appointment of a receiver, and is perfectly solvent, and has heretofore had

inventories and appraisement·made of the bankrupt property, I think it is desirable that he should be appointed receiver. He must, however, give a bond to be approved by the court in the sum of $8,000, for the faithful performance of his duties.