## In re ROZINSKY et al.

(District Court, S. D. New York. April 21, 1900.)

1. BANKRUPTCY—COSTS—EXPENSES OF EXAMINATION.

Where the assets of an estate in bankruptcy are no more than sufficient to pay certain labor claims, proved and allowed as preferred debts, and an examination of the bankrupt is undertaken in the hope of discovering concealed assets, at the suggestion of the attorney for the trustee (who previously represented the creditors by whom the trustee was chosen), but against the objection of the labor claimants, and without resulting benefit to the estate, the expenses of such examination, including the hire of a stenographer, should not be paid out of the funds of the estate, but must be borne by the creditors who procured it.

2. SAME—FEE OF TRUSTEE'S ATTORNEY.

The claim of the trustee's attorney for a fee for professional services rendered in connection with such examination, no benefit to the estate having yet resulted, will not be allowed out of the general funds of the estate. His services must be regarded as virtually rendered in behalf of those creditors who were his clients, and on the credit of what they might succeed in realizing.

In Bankruptcy.

Engel, Engel & Oppenheimer, for petitioners.
Morris Meyers, for trustee, opposed.

BROWN, District Judge. Two motions are made in the above matter asking for a direction that the trustee make a dividend to certain preferred creditors for wages, and also that an allowance of $50 to counsel employed by the trustee, and $100 for stenographer's expenses in examination of the bankrupt, be disallowed.

By the trustee's report it appears that on February 20, 1900, he received from the previous receiver $182.50, and subsequently $5.24, making in all $187.74. These are all the assets thus far received and there is no trustworthy expectation of more. The trustee was chosen by the attorney of four creditors February 7th, who held powers of attorney to act for them, and he was thereupon employed as attorney by the trustee. Several creditors presented proofs of preferred claims for wages. One claim amounting to $85, appears to have been allowed; another claim of Hyman Brunheim was for $70 on his own account, and for about $750 additional in behalf of 13 other workmen who it is stated had assigned their claims to him; this was not allowed but held in suspense, because there were neither proofs of the assignments nor affidavits as required by the act. It would seem, however, to be good for the sum of $70 in behalf of Hyman Brunheim. These two sums amounting to $155 with certain other necessary expenses of administration would absorb all the funds in the trustee's hands without allowance for the items objected to. Upon the suggestion of the attorney for the trustee, that assets had been fraudulently disposed of by the bankrupts, which might be discovered, an examination of the bankrupts by the trustee was authorized by the referee and a stenographer allowed. The attorney for the wages claimants objected to any such examination at the expense of the funds in hand; but being overruled, he attended upon the examination on several days subsequent and took some part in the examination. The stenographer's transcript of the proceedings amounts, as I find upon examination, to about 230 folios. On March 16th the attorney for the trustee was paid $50 on account of services, so far without any benefit to the estate; and $100 has also been paid on account of the stenographer's fees in the examinations; so that the balance now in the hands of the trustee amounts to but $37.74. No additional assets have been secured through the examination, nor have proceedings therefor been instituted. The amount remaining will be no more than sufficient to meet the necessary expenses of administration prior to the preferred claims for wages under section 64, Bankr. Act.

Although under section 38a, subd. 5, an examination of the bankrupt and the employment of a stenographer therefor, may as a general rule be allowed at the expense of the estate, that should not be allowed for the benefit of general creditors at the expense of the wages' claims of workmen objecting thereto, when the funds in hand are only sufficient to pay the preferred claims. Such expenses should be at the charge of the general creditors alone. The workmen's attorney, however, should have brought the objection earlier to the attention of the court.

In the present case it is manifest that the examination was conducted in the interest of the general creditors. The trustee was

elected by the attorney of those creditors, and the latter was in turn immediately employed by the trustee in an uncertain search after assets. The funds in hand necessary to pay preferred claims should not be thus depleted, but such services should be regarded as virtually in behalf of the creditors who are the clients of the attorney and upon the credit of what they may succeed in realizing. The amount drawn by the attorney in this case should therefore for the present be disallowed, and the charges of the stenographer are referred to the referee in charge for revision and reduction to 10 cents per actual folio, the statutory rate, and a dividend declared among the preferred creditors whose debts have been or shall be sufficiently proved, to the extent that the assets in hand are sufficient to pay them, after deducting only the necessary prior charges.