### In re COVINGTON.

#### (District Court, E. D. North Carolina. October 5, 1904.)

**1. BANKRUPTCY—ALLOWANCE OF ATTORNEY'S FEES.**

A court of bankruptcy, in the exercise of its discretion, in the allowance of attorney's fees from the estate will not go beyond a reasonable fee for such services as were of benefit to the estate.

**2. SAME.**

An allowance by a referee of $50 to a bankrupt's attorney and $200 to the attorney for creditors from an estate having $2,000 for distribution approved.

In Bankruptcy. On certificate from referee.
See 110 Fed. 143.

J. G. McCormick, for petitioning creditors.
John H. Cook, for bankrupt.

PURNELL, District Judge. The petition for attorney's fees certified by referee in which the attorney for bankrupt asks for $250 and the attorney for petitioning creditors for $500. The referee recommends an allowance for the first of $50 and to the latter $200, from which recommendation the respective parties appealed.

The referee in this division of the district is usually very liberal in his allowance to attorneys; usually more liberal than the court. The rule for such allowances has been laid down by the Supreme Court of

the United States in numerous decisions, notably in Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165, where a great many of the authorities on the subject of allowances are collected and cited. The rule here laid down, and the one attempted to be maintained in several opinions by this court, is that attorneys shall be allowed reasonable compensation for services rendered which were beneficial to the estate. Beyond that point this court has never gone, and will not go in the exercise of a sound judicial discretion.

As to the first petition the services seem to be in some respect, at least, against the interests of the estate, and some for its benefit; and, in the second, while they have redounded to the interest of the estate, the court is of the opinion that the allowance is liberal. True, the case has been pending for some time, and it appears a little over $2,000 will be distributed, but the court does not feel justified in depleting the estate to the amount asked for.

The recommendations made by the referee are therefore affirmed. Two hundred dollars will be allowed J. G. McCormick, Esq., and $50 to John H. Cook, Esq.; and it is so ordered.