In re ZIER & CO.

WATTS et al. v. McCULLOCH et al.

(Circuit Court of Appeals, Seventh Circuit.   May 20, 1905.)

No. 1,063.

1. BANKRUPTCY—ALLOWANCE OF ATTORNEY'S FEES—SERVICES RENDERED TO STATE RECEIVER.

The fact that attorneys were employed by a receiver, appointed by a state court for a corporation which was subsequently adjudged bankrupt, and rendered · useful services therein, creates no legal claim for the allowance of fees out of the state in bankruptcy; but such claim is allowable only on equitable considerations for services from which the estate in bankruptcy has derived benefit, and to the extent only that they were beneficial in fact.

2. SAME.

Attorneys employed by a receiver appointed by a state court for a corporation which was subsequently adjudged bankrupt, who antagonized the bankruptcy proceedings and instigated litigation which delayed and obstructed such proceedings and caused large expense to the estate, which more than equaled any benefit it received from their services, are not entitled to an allowance of fees from the estate, and their belief that they were within their legal rights, and that the state court had priority of jurisdiction, is immaterial.

Appeal from the District Court of the United States for the District of Indiana.

For opinion below, see 127 Fed. 399.

The appellants, comprising the firm of W. W. & J. R. Watts, presented claim before the referee in bankruptcy for legal services rendered under employment by the receiver, appointed by the circuit court of Floyd county, Ind., under a complaint filed and proceedings pending therein against M. Zier & Co., the bankrupt corporation, prior to the proceedings in bankruptcy. Their services are recited in an affidavit of W. W. Watts to consist of investigations of transactions of the corporation and its affairs, wherein various complications appeared, advising the receiver in respect of his duties, and effecting various settlements and collections; as substantially continuous from December 30, 1902, when the receiver was appointed, to February 19, 1903, when the receiver tendered his resignation to the state court and ceased operations; and as beneficial to the estate of the bankrupt, and of the value of $1,250. This claim was allowed by the referee after hearing testimony as to the nature and value of services. On review the ruling of the referee was reversed by the District Court and the claim disallowed, and this appeal is from the order thereupon. The District Court finds, as recited in the order, "upon consideration of the records and proceedings of this court in said matter of M. Zier & Company, as well as the additional evidence furnished under the certificate of the referee, that the services of said firm were rendered in an unsuccessful effort to obstruct and defeat the jurisdiction of this court, which has greatly increased the costs and expenses that are chargeable against the estate in bankruptcy over and above any benefit which it has derived from or is incidental to the services aforesaid"; that the services "were not beneficial to said estate in bankruptcy"; and that the allowance by the referee was in violation of certain rules of the court and was "unauthorized and void." The proceedings in the Floyd circuit court were instituted by the appellants, as attorneys on behalf of Joseph T. Ryerson & Son, as creditors of the bankrupt, on December 30, 1902, and the receiver therein was appointed the same day and entered into possession of the assets. The petition for involuntary bankruptcy was filed February 6, 1903, and a receiver in bankruptcy was appointed February 11, 1903. Pos-

session of the assets was withheld from the receiver in bankruptcy, under the advice of the appellants, and through their advice and conduct, in the first instance, delay and conflict occurred over the possession, resulting in the proceedings reported as In re Watts and Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933, and causing large expense to the estate in bankruptcy. The further facts and circumstances which are deemed pertinent are mentioned in the opinion.

Geo. Weissinger Smith, for appellants.

Charles W. Smith, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge, after stating the facts, delivered the opinion of the court.

The fact alone that the appellants were employed by the receiver in the state court proceedings, and rendered useful professional services therein, establishes no legal claim for allowance out of the estate in bankruptcy, by way of lien upon the assets or otherwise, as they were not performed on behalf of the bankrupt nor in the bankruptcy administration. Randolph v. Scruggs, 190 U. S. 533, 539, 23 Sup. Ct. 710, 47 L. Ed. 1165; In re Chase, 59 C. C. A. 629, 124 Fed. 753. The bankruptcy jurisdiction, when properly invoked, supersedes the prior proceedings in the state court for winding up the corporation, "as to which the jurisdiction is not concurrent" (In re Watts and Sachs, 190 U. S. 1, 27, 23 Sup. Ct. 718, 47 L. Ed. 933), so that the rule upheld in Randolph v. Scruggs, supra, in reference to a voluntary assignment for the benefit of creditors, is equally applicable to this claim. Such claim is allowable only upon equitable considerations for services from which the estate in bankruptcy has derived benefit, and to the extent only that they were beneficial in fact. The rule thus governing the claim was recognized by the District Court in its conclusions, and the order of reversal and disallowance rests primarily on the finding of fact that the services "were not beneficial to said estate." Upon the record certified by the referee, and without reference to other matters for the consideration of which error is assigned, we are constrained to the opinion that the services embraced in the claim were so largely directed to delaying and obstructing rightful proceedings in bankruptcy that they cannot be treated as beneficial to the estate, and are without equity for support of the claim to be compensated out of the estate in bankruptcy.

Institution of the suit against the corporation was plainly within the rights of the plaintiffs therein and their attorneys, the appellants. So the application for and appointment of a receiver to administer the assets and rightful possession thereunder up to the intervention of bankruptcy proceedings are not questionable. It is contended on behalf of the appellees that the attorneys for the plaintiffs in such suit were disqualified from serving the receiver as well, because of conflicting interests, but their right to accept such service is assumed, without so deciding, for the purpose of the present consideration.

The witness Watts frankly admits, in his testimony before the referee, substantially, not only his belief that the priority of these proceedings under the state statute gave them precedence over any at-

tempted proceedings in bankruptcy, but that the appellants obstructed the latter proceedings in that view; and the delay and expense to the estate in bankruptcy, referred to in the findings of the District Court, were caused by the various means adopted by the appellants, on behalf of the receiver, to that end. Thus on January 16, 1903, they sought on behalf of the receiver and subsequently obtained from the court an order that "all creditors and other persons be  *  *  *  enjoined and restrained from prosecuting any claim or suit against this estate, except by intervention in this cause, or by first obtaining leave of this court." Thereupon, when the proceedings in bankruptcy were commenced, they petitioned the Floyd circuit court to cite the petitioning creditors and receiver in bankruptcy "for contempt for applying to" such bankruptcy court for relief, and resistance and conflict ensued, which became the subject-matter of judicial inquiry, primarily in the District Court and ultimately in the Supreme Court. In re Watts and Sachs, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933. The facts of this course of conduct sufficiently appear from the testimony and the certified copy of the record of the Floyd circuit court, together with the proceedings in bankruptcy in the District Court, all of which were before the referee and embraced in his certificate, without reference to the testimony before the District Court in the subsequent proceedings against the appellant Watts and others for alleged contempt, so that the extent to which the last-mentioned proceedings in that court were within judicial cognizance for the purpose of the review in question, does not require consideration. Nor is it material to the present issue that the Supreme Court (In re Watts and Sachs, supra) held that these parties "entertained the conviction in good faith that the custody of the state court could not be lawfully interfered with by the bankruptcy court," and were acting erroneously, but not in contempt of the District Court, and so discharged them from the adjudications of that court for contempt. The services of the appellants were persistent in obstructing both resort to and proceedings in bankruptcy, and caused injury and expense to the estate which were unaffected by their motives; so that their incidental service in making sundry collections and negotiating settlements is not entitled to independent recognition for allowance.

We are satisfied that the appellants fail to establish beneficial service equitably chargeable against the estate in bankruptcy, and that the District Court rightly disallowed their claim; and the order thereupon is affirmed.