---

## In re SAGE.

(District Court, S. D. Iowa, E. D.    July 17, 1915.)

### No. 1262.

BANKRUPTCY ☞482—ATTORNEYS' FEES—PROPER SERVICES.

The services for which an attorney's fee is to be allowed in involuntary bankruptcy are the investigating of legal questions involved in the situation presented, the giving of necessary legal advice to the petitioning creditors and other creditors requiring it, investigating the records, and preparing and filing the petition; but do not include conferring with other creditors to induce them to join in the petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. ☞482.]

In Bankruptcy. In the matter of David H. Sage, bankrupt. Claim for attorney's fees allowed in part.

John M. Dawson, of Kahoka, Mo., for claimants.
Boyd & McKinley, of Keokuk, Iowa, for trustee in bankruptcy.

WADE, District Judge. Attorneys, Joseph S. Tall and John P. Hornish, filed a claim as attorneys for petitioning creditors in the sum of $2,500. Oral testimony was taken. Mr. Tall testified that he put in four or five days in making trips to Keokuk and consulting with various creditors, and attorneys representing creditors, with a view of instituting bankruptcy proceedings. Mr. Hornish testified that he put in 18 to 20 hours during a period extending over about a week. Mr. Tall represented three creditors whose total claims amounted to $275.07. Hornish represented a creditor having a claim for $6,000. Upon a per diem basis, no one places the value of the attorneys' fees at more than $50 per day.

The law contemplates that an attorney's fee for one attorney shall be allowed for actual services rendered in behalf of the petitioning creditors. Strictly speaking, this allowance should be made to the creditors. The law contemplates that the bills shall be paid by the creditors, and that they shall be reimbursed from the estate. I apprehend that the creditors in this case would be very much surprised if counsel had presented to them a bill for $2,500 for the services rendered. No one will claim that the value of the service required in preparing a petition and filing the same, and procuring the adjudication, would be more than $100 in ordinary cases.

Much of the service rendered by Tall was in trips to Keokuk, conferring with creditors and attorneys in an effort to induce them to join in the petition. I do not consider such service in itself a proper charge. In this case, the claims of Mr. Tall for attorneys' fees exceed several times the amount of claims held by his clients. The solicitation of other creditors to join in the petition is not necessarily the work of an attorney; it is work which any business man can do. What the law contemplates is that a creditor, who feels that a bankruptcy petition should be filed, shall have the right to employ an attorney to investigate the legal questions involved in the situation presented, and to give such advice as is necessary, and to investigate records, and to prepare the petition and file it; beyond this, an attorney's services are not necessary. The creditor himself can confer with other creditors, after having had the advice of counsel, as to whether they wish to join in the proceedings. It is true that these other creditors may require legal advice with reference to duties and liabilities, and for such payment should be allowed; but, for merely traveling back and forth to confer with them in an effort to get them to join, I do not consider it as being a proper subject of allowance for attorneys' fees.

In this case, there were some peculiar circumstances, and the estate is comparatively large, and for these reasons I feel that an allowance of $350 is justified; but I feel that any more than this amount would be in excess of anything contemplated by the statute.

In the foregoing, I have tried to follow the rule announced in the following cases: In re Young (D. C.) 142 Fed. 891; In re Goldville Mfg. Co. (D. C.) 123 Fed. 579; In re Carr et al. (D. C.) 117 Fed. 572; In re J. W. Harrison Mercantile Co. (D. C.) 95 Fed. 123.