### In re HIBEL FUR CO.

District Court, D. Massachusetts. November 7, 1928.

No. 41268.

Samuel T. Lakson, of Boston, Mass., for bankrupt.

Fox & Orlov, of Boston, Mass., for petitioners.

BREWSTER, District Judge. In the above-entitled matter an involuntary petition was referred to a special master for a report on the question of adjudication. The matter now comes before the court upon his report.

The original petition was brought by Sidney F. Strongin, as receiver of the Great Northern Fur Dyeing & Dressing Corporation, alleging that the number of creditors was less than 12. This allegation was not denied in the answer of the alleged bankrupt, and no list of creditors was filed in accordance with the provisions of section 59d of the Bankruptcy Act (11 USCA § 95(d).

Before hearing, but more than four months after the acts of bankruptcy hereafter referred to were committed, two other creditors intervened in the petition. The master found that the alleged bankrupt was hopelessly insolvent for more than four months prior to the filing of the petition; that within that period it had committed the acts of bankruptcy alleged in the petition, to wit, transferred property to its creditors with intent to prefer such creditors over other creditors of the same class; that the Great Northern Fur Dyeing & Dressing Corporation was a creditor to the amount of $1,929.50, and that the two intervening petitioners were unsecured creditors, with claims aggregating over $5,700. The master accordingly recommends adjudication.

Adjudication is resisted on the ground that the original petition recites that Strongin, as he is receiver of the Great Northern Fur Dyeing & Dressing Corporation, is the creditor, and that this allegation is not sustained by the finding of the master that the corporation was the creditor. The authority of the receiver to bring this petition is also attacked, but this contention cannot be upheld, in view of the facts as found by the master. It is clear that the petitioner had sufficient authority conferred upon him by the federal court to institute bankruptcy proceedings. Moreover, his acts as such receiver have been ratified by the court.

I take it to be settled law that, if the original petition was valid on its face and other creditors intervened, the adjudication may be ordered upon the petition, even though it developed during the course of the proceedings that the creditor initiating the proceedings could not qualify as a petitioning creditor. Matter of Bolognesi (C. C. A.) 223 F. 771; Matter of Culgin-Pace Contracting Co. (D. C.) 224 F. 245.

Creditors other than original petitioners may join at any time before adjudication,

and be counted to make the required number of creditors and the amount claimed. Collier on Bankruptcy (13th Ed.) p. 1223, and cases cited.

The petitioning creditors argue that the contention of the alleged bankrupt should not prevail because, as they say, under the statutes of New York (General Corporation Law, art. 11, § 232), a receiver of a New York corporation acquires sufficient rights in the corporate assets to satisfy the allegation in his petition that he was a creditor. It becomes unnecessary to determine whether that statute is here applicable, because, regardless of the extent and nature of the receiver's rights in the corporate assets, it cannot be said, upon the allegations of the petition, that Strongin was not a creditor of the Hibel Fur Company. He may well have been. The petition, on its face, was sufficient to give the court jurisdiction. If, during the course of the proceedings, it turned out that the corporation, of which Strongin was the receiver, was the real creditor, and if it should be held (which I do not now decide) that therefore he had not proved the allegation that he was a creditor, the petition would nevertheless be saved by the intervening creditors, and this result would not be affected by the fact that the intervening petitions were filed more than four months after the alleged act of bankruptcy. Matter of Bolognesi, supra; In re Romanow (D. C.) 92 F. 510; Collier on Bankruptcy (13th Ed.) p. 1232.

Adjudication may be ordered upon the first petition, filed July 31, 1928.