## HIBEL FUR CO. v. STRONGIN et al.

Circuit Court of Appeals, First Circuit. May 31, 1929.

No. 2340.

Samuel T. Lakson, of Boston, Mass., for appellant.

Myer L. Orlov, of Boston, Mass. (Fox & Orlov, of Boston, Mass., on the brief), for appellees.

Before BINGHAM and ANDERSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court, adjudging the appellant, the Hibel Fur Company, a bankrupt.

July 31, 1928, Sidney F. Strongin filed an involuntary petition in bankruptcy against the Hibel Fur Company, setting out that he was the receiver of the Great Northern Dyeing & Dressing Corporation, a New York corporation, by appointment of the United States District Court of the Eastern District of New York in an equity proceeding; that the Hibel Fur Company, a Massachusetts corporation, for the greater portion of six months next preceding the date of filing the petition, had its principal place of business at Boston and owed debts to the amount of $1,000; that the petitioner was a creditor of the fur company, having a provable claim amounting, in excess of securities held by him, to the sum of $500; that the nature and amount of his claim was a note for $1,929.50; and that the creditors of the fur company were less than 12 in number.

It was also alleged that the fur company was insolvent and within four months next preceding the date of the petition committed an act of bankruptcy, "in that it did heretofore, to wit, on the thirty-first day of March, 1928, and on divers dates thereafter, the exact date of which is to your petitioner unknown, transfer while insolvent a portion of its property to one or more of its creditors, the name of which creditor or creditors is at this time unknown to your petitioner, with the intent to prefer such creditor or creditors."

August 8, 1928, the petitioner filed an amended petition in which he set out all and the same facts stated in his original petition, except as to the act of bankruptcy, and, as an amendment of the act previously charged, he alleged that the fur company committed an act of bankruptcy, "in that it did heretofore, to wit, on the thirty-first day of March, 1828, and on divers dates thereafter, and while insolvent as aforesaid, transfer various

moneys in large amount to various of its creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of such creditors being unknown to your petitioner." In this petition another act of bankruptcy was also alleged.

No objection having been taken to the filing of the amended petition, or to the sufficiency of the petition as originally filed or as amended, either by demurrer or otherwise, the fur company, on August 28, 1928, filed an answer, in which it denied that the petitioner was the receiver of the Great Northern Fur Dyeing & Dressing Corporation or was authorized to bring the petition in bankruptcy; denied the validity of the note; denied that the petitioner or the Great Northern Fur Dyeing & Dressing Corporation ever held or paid any consideration for the note; denied that anything was due the petitioner, Strongin, on the note; denied that the petitioner was a creditor; denied that it was insolvent, or had committed an act of bankruptcy or did "on the thirty-first day of March, 1928, or on divers dates thereafter and while insolvent, transfer various moneys to various of its creditors with intent to prefer such creditors over other creditors of the same class."

On September 28, 1928, the Nyanza Color & Chemical Company filed a petition asking leave to join as a petitioning creditor in the petition filed July 31, 1928, alleging that it was a creditor of the Hibel Fur Company having a provable claim, to wit: Two promissory notes of the Hibel Fur Company, one for $671.96, the other for $500, on which nothing had been paid.

On the same date the Bank of America filed a like petition to intervene and be joined as a petitioning creditor, stating the nature of its claim to be three promissory notes of the Hibel Fur Company, one for $1,929.50, one for $1,937.12, and one for $750, on which nothing had been paid.

To these intervening petitions the Hibel Fur Company filed answers, in each of which it denied the validity of the note or notes; denied that the intervening petitioners were creditors; and denied all the allegations contained in the petition in bankruptcy as originally filed or amended, except the allegation that the number of creditors of the fur company were less than 12, which allegation none of the answers controverted.

The question of adjudication having been referred to a special master to ascertain and report the facts, on October 22, 1928, he filed a report in which he found that the notes in question were executed by the alleged bankrupt and were given for a valid consideration; that on the date of the original petition the Bank of America was an unsecured creditor holding a note for $1,929.50, dated October 31, 1927, a note for $1,937.12, dated on October 24, 1927, and a note for $750, dated July 12, 1927; that on the same date the Nyanza Color & Chemical Company was an unsecured creditor holding a note for $671.96 and a note for $500; and that on the same date the Great Northern Fur Dyeing & Dressing Corporation was an unsecured creditor holding a note for $1,929.50, dated October 24, 1927.

He further found that, on March 28, 1928, by an order of the Federal District Court for the Eastern District of New York, Sidney F. Strongin became the sole receiver of the Great Northern Fur Dyeing & Dressing Corporation, and therein was authorized "to institute, prosecute and defend, compromise, adjust, intervene in or become a party to such suits, actions, proceedings at law, or in equity, in state or federal courts as may in * * * [his] judgment be necessary or proper for the protection, maintenance and preservation of the assets of the defendant"; and that on September 6, 1928, that court entered an order confirming the action of Sidney F. Strongin, the receiver, in signing and filing the involuntary petition in bankruptcy against the fur company and authorizing him to take any further steps in said proceedings deemed necessary.

He also found that the three petitioning creditors held unsecured claims in excess of $500, and that the alleged bankrupt, at the date of the petition, owed debts in the excess of $1,000; that on or after the 5th of April, 1928, the liabilities of the alleged bankrupt were $6,667.50, not including the notes held by the petitioning creditors, and that its assets were $466.57; that from April 5, 1928, the alleged bankrupt was hopelessly insolvent; and that while insolvent it made the following payments to creditors with the intent on its part to prefer such creditors over other creditors of the same class, to wit: April 5, 1928, over $1,214.44, to 9 different creditors, naming them; and on March 31, 1928, to Oscar Shapar, $3,974.30. And that all the foregoing payments were made on then existing debts.

A hearing was had before the District Judge on the report of the special master recommending adjudication, at which time it further appeared that, before said hearing, Sidney F. Strongin had been appointed ancillary receiver of the Great Northern Fur Dyeing & Dressing Corporation by the Fed-

eral District Court for the District of Massachusetts, which had confirmed and ratified his act of filing the petition in bankruptcy.

At this hearing counsel for the alleged bankrupt contended that, inasmuch as it was found that the Great Northern Fur Dyeing & Dressing Corporation was a creditor, the allegation in the petition that Strongin was a creditor was not sustained, and that adjudication should not be had. It also contended that Strongin as receiver was without authority to bring the proceeding. It was held, however, that he had sufficient authority, and that his acts had been ratified by the court; that the petition was sufficient on its face to give the court jurisdiction; and that as other creditors intervened an adjudication could be had, even though Strongin, who initiated the proceeding, could not qualify as a petitioning creditor. It was pointed out that "it cannot be said, upon the allegations of the petition, that Strongin was not a creditor of the Hibel Fur Company," and therefore the petition was sufficient on its face to give the court jurisdiction, even though it turned out that Strongin could not qualify as a creditor; and that the petition was saved by the intervention of the other two creditors. Having reached this conclusion a decree of adjudication was entered, from which this appeal is prosecuted.

In its assignments of error the fur company complains that Strongin did not qualify as a creditor as of the time he filed the petition in bankruptcy, which alleged as an act or acts of bankruptcy certain preferences that took place within four months before the filing of the petition, and that, as the other two creditors did not intervene until more than four months after the alleged acts of bankruptcy occurred, the court erred in ruling (1) that nevertheless an adjudication could be had based on such acts of bankruptcy; and (2) in ruling that Strongin as receiver had authority to institute the proceeding in bankruptcy.

We think the discussion of counsel has taken a wider range than is necessary for the decision of this case. It is to be borne in mind, as pointed out by the court below, that the petition in bankruptcy specifically alleged "that your petitioner is a creditor of said Hibel Fur Company," and that with this allegation in the petition the alleged bankrupt could not have demurred successfully to the petition. The fur company, in recognition of this, did not demur, but took issue in its answer by denying it. The position therefore cannot be taken that, on the allegations of the petition, Strongin was not a creditor and without authority to institute the proceeding, and that in this respect the petition was not sufficient on its face. The allegation of the petition that he was a creditor was an assertion that he had authority to institute the proceeding.

█ It has been held in this circuit, and elsewhere, that, where an involuntary petition in bankruptcy is sufficient on its face, the District Court, while the case is pending and before adjudication, can allow an amendment after as well as within the four months' period, reckoning from the date of the occurrence of the alleged acts of bankruptcy, and that the amendment will relate back to and take effect as of the date of the filing of the petition. Canute Steamship Co. v. Pittsburgh & West Virginia Coal Co., 263 U. S. 244, 44 S. Ct. 67, 68 L. Ed. 287; In re Harris (C. C. A.) 299 F. 395.

In Canute Steamship Co. v. Pittsburgh & West Virginia Coal Co., supra, it appeared that three alleged creditors, in February, 1921, filed a petition in bankruptcy against an alleged bankrupt company, which filed an answer denying that it was insolvent, or had committed an act of bankruptcy, or that one of the petitioners was its creditor and had a provable claim against it. In that case two other creditors, more than nine months after the date of the alleged act of bankruptcy, were allowed to intervene and join as petitioning creditors. One of the three original petitioners was not found to have been a creditor, but the other two petitioners and two intervening creditors were found to have had valid claims. The District Court entered a decree of adjudication; the Circuit Court of Appeals (In re Diamond Fuel Co., 283 F. 108) affirmed the decree; and the Supreme Court held that "the filing of a petition, sufficient upon its face by three petitioners alleging that they are creditors holding provable claims of the requisite amount, the insolvency of the defendant and the commission of an act of bankruptcy within the preceding four months, clearly gives the bankruptcy court jurisdiction of the proceeding;" that section 59(f), Bankruptcy Act (Comp. St. § 9643; 11 USCA § 95(f), confers upon creditors other than the original petitioners the right at any time, while the petition is pending and before an adjudication, to join in the petition; and that by doing so they "acquire the status of petitioning creditors as of the date on which the original petition was filed, and may thereafter avail themselves of its allegations, including those relating to the commission of the act of bankruptcy, as fully as if they had been

original petitioners;" and that in such case it was immaterial "whether the three qualified creditors joined in the petition originally or by intervention."

But the question we have just discussed is not really before us. By an act of the Legislature of the state of New York, where Strongin was appointed the receiver, the title to the assets of the Great Northern Fur Dyeing & Dressing Corporation became vested in him upon his qualifying as receiver by giving the requisite security. N. Y. Gen. Corp. Law (Consol. Laws, c. 23) art. 11, § 232. And the title to the note for $1,929.50, upon which he based his claim as creditor, having vested in him at the time he filed the petition, he had the right to institute the proceeding in this jurisdiction and maintain the same, there being less than twelve creditors, without other creditors being joined. Grover v. Merritt Development Co. (D. C.) 7 F.(2d) 917, 920, 921. On the facts found there can be no question as to his authority to prosecute the petition.

The appellant takes nothing by its assignments of error, and the decree of the court below will be affirmed.

The decree of the District Court is affirmed, with costs to the appellees.