## In re KOOTENAI MOTOR CO., Inc.

### No. 4082.

District Court, D. Idaho, N. D.
April 15, 1930.

W. D. Gillis, Atty. Gen., and Leon M. Fisk and Fred J. Babcock, Asst. Attys. Gen., for the State of Idaho, and for intervening creditors and petitioners.

E. V. Boughton, of Cœur d'Alene, Idaho, and Lund & Dodds, of Spokane, Wash., for resisting creditors.

CAVANAH, District Judge.

This proceeding has been finally submitted to the court on resisting creditors' objections to the adjudication of the bankrupt, after testimony having been taken under an order of the court referring the matter to a special master to take additional testimony as the parties may desire. See order of March 19, 1930. The question as to the qual-ification of the three original petitioners, and the right of the intervening creditors to be counted as original petitioners, was decided in the opinion of March 19, 1930 [41 F.(2d) 399], and reference thereto is made as governing the contention of the parties, it being held there that the state of Idaho was eligible as one of the petitioning creditors, and that the other two of the original signers of the petition were not eligible; yet should it appear that the interveners who were permitted to intervene and join in the petition originally, prior to the adjudication, are creditors of the bankrupt, and do not come under the disability there stated, they would acquire the status of petitioning creditors as of the date upon which the original petition was filed. So as said there, their application to join in the original petition is a right secured to them by section 59f of the Bankruptcy Act (11 USCA § 95(f), and can be made at any time before the court makes the adjudication or dismisses the petition. See again Canute Steamship Co. et al. v. Pittsburgh & West Va. Coal Co., 263 U. S. 249, 44 S. Ct. 67, 68 L. Ed. 287.

The evidence discloses that of interveners, more than two are qualified and should be counted in determining whether there are three qualified petitioning creditors. They did not assent to the making of the general assignment by the bankrupt to the Spokane Merchants' Credit Association, and do not come under the disability stated in the original opinion.

Objection is further made as to the form of the verification to the original petition made by the state auditor as not being positive. The verification complies with the statute (Bankruptcy Act, § 18c [11 USCA § 41c]), as it recites that the state auditor makes it for and on behalf of the state for the purpose of collecting for the state the debt, and subscribes to it and its contents as being true.

Further objection is made that intervening creditors should not be counted because they were requested to intervene. Such requests are not fatal as to their qualifications, for we find that "a creditor who files a petition in bankruptcy has the right to request others to intervene when such intervention becomes necessary to preserve the proceeding." In re Smith (D. C.) 176 F. 426, 435; Remington on Bankruptcy (3d Ed.) § 237.

Resisting creditors further contend that the total amount of the claims, without the state's claim, does not represent the jurisdictional amount of $1,000; but as the conclu·

sion has been reached that the state was eligible as a creditor, and its claim, together with the interveners, exceeds the sum of $1,000, the bankruptcy court therefore has jurisdiction.

For the reasons stated here and in the memorandum opinion of March 19, 1930, the objections of the resisting creditors are overruled, and an order of adjudication of the bankrupt may be entered, with costs awarded to petitioning creditors.