### GUTERMAN et al. v. C. D. PARKER & CO., Inc., et al.*

### No. 3147.

Circuit Court of Appeals, First Circuit.

Nov. 20, 1936.

*Writ of certiorari dismissed 57 S. Ct. 436, 81 L. Ed. ——.

Martin Witte, of Boston, Mass. (Harry N. Guterman, Harold Horvitz, and Guterman & Guterman, all of Boston, Mass., on the brief), for appellants.

David Stoneman, of Boston, Mass. (Emanuel Kurland, of Boston, Mass., on the brief), for appellee C. D. Parker Co., Inc.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a decree of the District Court for the District of Massachusetts dismissing an involuntary petition in bankruptcy for want of the requisite number of petitioning creditors entitled to file a petition.

On April 11, 1935, the superior court for the county of Suffolk in the commonwealth of Massachusetts, on a petition duly filed by the creditors of the C. D. Parker & Co., Inc., appointed a receiver of the property and assets of said C. D. Parker & Co., Inc. The receiver qualified and took possession of all the assets and property of the corporation, and has since been administering said estate and liquidating its assets under the supervision and direction of said superior court.

On August 10, 1935, one day before the four months' period had expired following the appointment of the receiver in the state court, Annie B. Gilberte, Russell T. Shay, and Daniel S. Santry, claiming to be creditors of the C. D. Parker & Co., Inc., and having provable claims amounting in the aggregate, in excess of any securities held by them, to more than the sum of $500, filed a petition in the bankruptcy court for the District of Massachusetts, praying that the C. D. Parker & Co., Inc., be adjudged a bankrupt.

On August 22, 1935, the C. D. Parker & Co., Inc., appeared and answered, denying that it had committed an act of bankruptcy as set forth in the petition of Annie B. Gilberte, Russell T. Shay, and Daniel S. Santry, petitioning creditors therein, or that they have provable claims against said C. D. Parker & Co., Inc., which amount in the aggregate, in excess of the value of securities held by them, to more than $500; but, on the contrary, the C. D. Parker & Co., Inc., alleged that none of the said petitioners were creditors of said C. D. Parker & Co., Inc., and further said that the above-named petitioning creditors did not sign said petition in good faith.

On August 30, 1935, one Harry N. Guterman filed his appearance in said bankruptcy court and a petition stating that he was a creditor of the above-named bankrupt, having a provable unsecured claim in the form of a promissory note for $600, and praying that said C. D. Parker & Co., Inc., be adjudged an involuntary bankrupt, and that he desired to join in the petition as an intervening cred-

itor therein; whereupon the said Harry N. Guterman intervened and joined in said petition.

On October 28, 1935, the H. J. Dowd Co., Inc., filed its petition setting forth that it was a creditor of C. D. Parker & Co., Inc., to the amount of $5.20 for merchandise sold and delivered, and that it desired to join as an intervener in the petition in bankruptcy filed in the bankruptcy court on August 10, 1935, praying that said C. D. Parker & Co., Inc., be declared a bankrupt; whereupon the said H. J. Dowd Co., Inc., intervened and joined in said petition.

On October 8, 1935, the issue of adjudication of said C. D. Parker &. Co., Inc., was referred to a special master to ascertain and report facts. The report of said special master was filed January 22, 1936.

After prolonged hearings before the special master it was agreed by all parties, including counsel for the alleged bankrupt, that the assets of the alleged bankrupt would amount to less than $100,000, and that its liabilities would exceed $5,-000,000; that an act of bankruptcy had been committed; and that the alleged bankrupt was insolvent at the time of the alleged act of bankruptcy. The alleged bankrupt, however, contended before the master that all the creditors, except the H. J. Dowd Co., Inc., were not creditors of the alleged bankrupt and that the petitioning creditors had not acted in good faith in presenting their petitions.

The special master found that Annie B. Gilberte had participated in the receivership proceedings in the state court to the extent of filing a petition for the reclamation of certain bonds which she claimed had been entrusted to the possession of the alleged bankrupt, which could be traced into its hands at the time of the receivership; but that there was on the books of the alleged bankrupt an entry disclosing that the bankrupt was indebted to the said Annie B. Gilberte in the sum of $381.24 for funds collected by the bankrupt in 1927, of which she was not notified and had no knowledge until approximately a month before the filing of the petition in bankruptcy.

The special master also found that Russell T. Shay and Daniel S. Santry were creditors of the alleged bankrupt and that Harry N. Guterman and H. J. Dowd Co., Inc., intervening creditors, also had provable claims against the alleged bankrupt.

As to the charge of bad faith and bad motives of the petitioning creditors, the special master held that bad faith on the part of the creditors was not shown and that bad motives of petitioning creditors were not a defense, unless, perchance, it amounted to fraud on the court, which did not exist in this case. In re Automatic Typewriter & Service Co. (C.C.A.) 271 F. 1, 4; Bank of Elberton v. Swift (C. C.A.) 268 F. 305, 308.

While the activity of counsel in obtaining signatures of the necessary creditors to the petition may not have been commendable under the circumstances disclosed in this case, the special master did not find that they did anything illegal in seeking creditors to join in a petition in bankruptcy, or that the act of counsel in advancing the necessary funds for filing the petition indicated bad motives or bad faith on the part of the petitioning creditors, and recommended that the C. D. Parker & Co., Inc., be adjudged a bankrupt.

Counsel for the receiver in the state court has criticized the activities of counsel in securing the necessary creditors to sign the petition in bankruptcy on the ground that his activities were motivated solely by a desire to "get in on the proceedings" against the bankrupt in order to obtain the fees allowed in such cases; but the amount of counsel fees allowed in a bankruptcy case under sections 62 and 64 (as amended) of the Bankruptcy Act (11 U.S.C.A. §§ 102, 104) is within the control of the bankruptcy court resting in a sound judicial discretion. One important consideration in determining what are reasonable fees of an attorney under sections 62 and 64, either when acting for the petitioning creditors or for any services rendered, is the benefit derived from his services by the entire body of creditors of the bankrupt. In re Consolidated Distributors (C.C.A.) 298 F. 859; In re Rozinsky et al. (D.C.) 101 F. 229; In re Zier & Co. (C.C.A.) 142 F. 102; In re Covington (D.C.) 132 F. 884; In re Sage (D.C.) 225 F. 397; Randolph v. Scruggs, 190 U.S. 533, 539, 23 S.Ct. 710, 47 L.Ed. 1165; vol. 2, Collier on Bankruptcy (13th Ed.) pp. 1360, 1460.

The District Court, however, found that Annie B. Gilberte had participated

in the said receivership to the extent of filing a petition for reclamation of certain securities and at the instance of her attorney had signed the petition in bankruptcy some days before receiving her securities in the reclamation proceedings, and that on the advice of her counsel the petition in bankruptcy was not filed until a day after she had received her securities, and was disqualified from joining in the petition in the bankruptcy court and dismissed the petition for want of the requisite number of petitioning creditors entitled to file a petition, and refused to allow the interveners having provable claims to make up the deficiency in the original number of petitioners. The District Court, in addition, held that, since the affairs of the bankrupt had been in the hands of a receiver for nearly a year, he was warranted in exercising a discretion to allow the state court to finish the work it had begun, and thereupon dismissed the petition.

Wherefore the original petitioners, Annie B. Gilberte, Russell T. Shay and Daniel S. Santry, together with the intervening creditors, Harry N. Guterman and H. J. Dowd Co., Inc., appealed from the decision of the District Court dismissing the petition under section 25 of the Bankruptcy Act (11 U.S.C.A. § 48), and in part assigned as errors:

That the District Court erred in refusing to adjudge the C. D. Parker & Co., Inc., a bankrupt.

That Annie H. Gilberte was disqualified as a petitioning creditor, having presented her reclamation claim in the receivership proceedings in the state court.

That the District Court erred in holding that the involuntary petition in bankruptcy was an invalid petition.

That the petition was dismissed for want of the requisite number of petitioning creditors entitled to file a petition.

That the court erred in refusing to allow interveners having provable claims to make up for the deficiency in the original number of petitioners, even if it be assumed that the court was correct in holding there was such deficiency.

That the court erred in failing to regard the interveners as having a status as the original petitioners.

That in so far as the order of the District Court dismissing the involuntary petition is based upon an exercise of discre-

tion "to permit the State court to finish the work that it has begun," that conclusion is not warranted by the pleadings, the evidence and the law applicable thereto.

We think it is unnecessary to decide whether Annie B. Gilberte was disqualified as a petitioning creditor in bankruptcy by availing herself of reclamation proceedings in the receivership in the state court. On the face of the original petition, the bankruptcy court had jurisdiction, and even though on hearing it appeared that she was disqualified, the two intervening creditors clearly made up the requisite number of petitioners to warrant an adjudication.

The special master found that there was no evidence of bad faith on the part of the petitioning creditors. The District Court does not find to the contrary. We think the finding of the special master was warranted by the evidence before him.

The case of Canute Steamship Company, Ltd., et al. v. Pittsburgh & West Virginia Coal Company et al., 263 U.S. 244, 44 S.Ct. 67, 68 L.Ed. 287, appears to be decisive of this case. The court there said, 263 U.S. 244, at page 249, 44 S.Ct. 67, 68, 68 L.Ed. 287: "We therefore conclude that where a petition for involuntary bankruptcy is sufficient on its face, alleging that the three petitioners are creditors holding provable claims and containing all the averments essential to its maintenance, other creditors having provable claims who intervene in the proceeding and join in the petition at any time during its pendency before an adjudication is made, after as well as before the expiration of four months from the alleged act of bankruptcy, are to be counted at the hearing in determining whether there are three petitioning creditors qualified to maintain the petition, it being immaterial in such case whether the three qualified creditors joined in the petition originally or by intervention." Citing In re Stein (C.C.A.) 105 F. 749; In re Bolognesi (C.C.A.) 223 F. 771, 773; In re Romanow (D.C.) 92 F. 510; In re Mammouth Lumber Co. (D.C.) 109 F. 308; In re Mackey (D.C.) 110 F. 355; In re Plymouth Cordage Co. (C.C.A.) 135 F. 1000; Stevens v. Mercantile Co. (C.C.A.) 150 F. 71; Ryan v. Hendricks (C.C.A.) 166 F. 94; First State Bank v. Haswell (C.C.A.) 174 F. 209; In re Etheridge Furniture Co. (D.C.) 92 F. 329; In re

Bedingfield (D.C.) 96 F. 190; In re Gillette (D.C.) 104 F. 769; In re Vastbinder (D.C.) 126 F. 417; In re Crenshaw (D. C.) 156 F. 638. See, also, in this circuit Hibel Fur Co. v. Strongin et al. (C.C.A.) 33 F.(2d) 30, 32.

We think, therefore, that the District Court erred in holding that the original petition was invalid by reason of Annie B. Gilberte being estopped from signing the petition, and that the intervening creditors could not join and make up the deficiency in the number of creditors, even though their claims were filed after the four months' period following the appointment of a receiver in the state court.

Section 59f of the Bankruptcy Act (11 U.S.C.A. § 95 (f) authorizes creditors other than the original petitioners at any time to enter their appearance and join in the petition or file an answer and be heard in opposition to the prayer of the petition, provided, of course, they intervene before adjudication, which was done in this case. In re Kootenai Motor Co., Inc. (D.C.) 41 F.(2d) 399, also Id. (D.C.) 41 F.(2d) 403; In re Hibel Fur Co., Inc. (D. C.) 29 F.(2d) 148; Hibel Fur Co. v. Strongin et al. (C.C.A.) 33 F.(2d) 30; In re Bolognesi et al. (C.C.A.) 223 F. 771.

The District Court relied on the case of Park Lane Dresses, Inc., et al. v. Houghton & Dutton Co. et al. (C.C.A.) 54 F.(2d) 33, for the exercise of its discretion. The facts, however, in the Park Lane Dresses Case were different from the facts in the instant case. In the Park Lane Dresses Case the proceedings in the state court had occurred more than four months prior to the filing of the petition in bankruptcy and the creditors under the receivership proceedings had acquired certain rights; and while certain irregularities in the state court were alleged by counsel for the petitioning creditors in the bankruptcy court, this court held that the District Court might properly have held that it would not interfere with the proceedings in the state court under which the creditors had gained certain rights; but that is not this case, where the petition in bankruptcy was filed within the four months period.

Where it appears that there are three qualified creditors, whether original petitioners or interveners, having claims in the necessary amount, asking that the respondent be adjudged a bankrupt, the bankruptcy court is without any discretion in adjudging a respondent a bankrupt. Sheehan & Egan, Inc., et al. v. North Eastern Shoe Co. (C.C.A.) 47 F.(2d) 487; In re Cronin (D.C.) 98 F. 584; In re Lewis F. Perry & Whitney Co. (D.C.) 172 F. 745, 751; Blue Valley Creamery Co. et al. v. Stone (C.C.A.) 80 F.(2d) 483, 486.

The decree of the District Court is reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion, with costs to appellants in this court.

MORTON, Circuit Judge (concurring).

The purpose of bankruptcy proceedings is the relief of honest debtors and the protection of bona fide creditors. It was never intended that such proceedings should be resorted to merely in order that fees might be allowed from the estates to counsel or others as provided in sections 62 and 64 (see 11 U.S.C.A. §§ 102 and 104 and notes; 6 Remington on Bankruptcy, last edition, § 2710). That bankruptcy proceedings have often been misused for the purpose of obtaining such fees is common knowledge among persons familiar with the subject. Bankruptcy courts have a right to protect themselves against such an abuse of their process. It amounts to what is sometimes called "fraud on the court." See Zeitinger v. Hargadine-McKittrick Dry Goods Co., 244 F. 719 (C. C.A.8). There "can be no law or practice which would compel a court of bankruptcy or any other court to become a party to a fraud." Carland, J., 244 F. 719, at page 722. It is perhaps going too far to say that the referee's finding that the present case is not of that character is clearly wrong. But enough certainly appears to require the most careful scrutiny of all petitions for fees in these proceedings and a careful limitation of the amount of them, having in mind the extent to which these proceedings have been advantageous to creditors generally. The "reasonable attorneys' fee," the allowance of which is required by section 64, is to be fixed with these considerations in mind (see 11 U.S.C.A. § 104, note 9, p. 91).