CASTLE COTTON MILLS CO. et al.
v. GARDNER.
No. 13353.

United States Court of Appeals
Ninth Circuit.
Oct. 22, 1953.

Rosen & Taylor, Coachella, Cal., Darwin H. Wolford, Hollywood, Cal., for appellant.

Joseph J. Rifkind, Los Angeles, Cal., for appellee.

Before STEPHENS, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

The law firm of Rosen and Taylor, on behalf of creditors, Castle Cotton Mills Co., Pacific Fixture Co., and Ellis and Mouzey, filed an involuntary petition in bankruptcy against Nathan Pakcyk, doing business as Silverpak Yardage.

The bankruptcy proceedings were referred to Honorable Hugh L. Dickson, Referee in Bankruptcy, by an order of general reference. Thereafter the bankrupt consented to adjudication in bankruptcy and an order of adjudication was made and entered by the Referee.

Later Rosen and Taylor made application in their own names for compensation as attorneys for the petitioning creditors. They originally petitioned for $1500 but subsequently reduced the claim to $750. The referee disallowed the claim on the ground, among others, that the attorneys were not entitled to compensation out of the bankrupt estate because of their improper conduct in obstructing and resisting the attempt of the trustee in bankruptcy to recover assets of the estate.

Claimants Rosen and Taylor petitioned the United States District Court for review of the referee's order, and the District Court affirmed. Petitioning creditors, Castle Cotton Mills Co., Pacific Fixture Co., and Ellis and Mouzey appealed.

The trustee moved to dismiss the appeal on the ground that the petitioning creditors, not parties to the proceedings below, have no right of appeal.

Technically the allowance of attorneys' fees should be made to petitioning creditors for expenses incurred in employing counsel and not to the attorneys. In re Sage, D.C.S.D.Iowa 1915, 225 F. 397. The relevant part of § 64, sub. a, of the Bankruptcy Act provides for " * * * one reasonable attorney's fee, for the professional services actually rendered, * * * *to the petitioning creditors* * * *."* (Emphasis added) 11 U.S.C.A. § 104, sub. a. Thus, the express language of the statute provides that the allowance for attorneys' fees should be made to the creditors. However, a direct application by an attorney does not warrant dismissal of the petition on this ground alone. In re Medina Quarry Co., 2 Cir., 1911, 191 F. 815. As pointed out in 3 Collier on Bankruptcy 1549 (14th ed.), a direct application by an attorney is but a shortcut and notwithstanding that courts look with disfavor on the practice, they ordinarily refuse to reject the petition on this ground alone. In the instant case no question was raised in the lower court as to the propriety of the attorneys filing the claim and there is no showing of prejudice to the estate because of the procedure followed.

The claim having been filed in the name of the attorneys, correct procedure would have dictated that the appeal be taken in the name of the same parties. Despite this departure from approved procedure we are of the opinion that the petitioning creditors have such an interest in the subject matter as to give them standing as appellants. Section 25 of the Bankruptcy Act provides:

11 U.S.C.A. § 48:

"48. Practice on appeals. (a) Appeals under this title to the United States courts of appeals shall be taken within thirty days after written notice to the *aggrieved* party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, *if such notice*

be not served and filed, then within forty days from such entry." (Emphasis added.)

The petitioning creditors are aggrieved parties within the meaning of the statute since it is to them that the statute primarily awards attorneys' fees out of the bankrupt's estate. They have a direct financial interest in the determination of their right to attorneys' fees. To dismiss the appeal would deprive them of an appellate determination of their rights. They should not be penalized because of the awkward manner in which the attorneys have proceeded. The motion to dismiss is denied.

■ Coming to the merits, the referee denied attorneys' fees to the law firm of Rosen and Taylor on the ground that Mr. Rosen, one of the partners, had represented adverse interests and had endeavored to prevent the estate from obtaining possession of the very funds out of which they are now asking compensation. The criticized action of Mr. Rosen took place after the adjudication of bankruptcy. It has been repeatedly held that the petitioning creditors or their attorneys are entitled as a matter of right to an allowance for attorneys' fees under § 64, sub. a, of the Bankruptcy Act. In re Curtis, 7 Cir., 1900, 100 F. 784, certiorari denied, 179 U.S. 683, 21 S.Ct. 916, 45 L. Ed. 385; Smith v. Cooper, 5 Cir., 1903, 120 F. 230; In re Arcadia Print Works, D.C.Mass.1923, 1 F.2d 463. That section provides for " * * * one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, and to the bankrupt in voluntary and involuntary cases, as the court may allow; * * *." 11 U.S.C.A. § 104, sub. a. It is stated in 3 Collier on Bankruptcy 1553 (14th ed.) that " * * * the courts have with virtual unanimity

recognized that attorneys for the petitioning creditors are entitled to one reasonable fee *as of right,* not as a matter of discretion, although the statutory wording of § 64, sub. a(1) ("as the court may allow") might indicate the contrary."

■ The fee allowed petitioning creditors for attorneys' fees is for services rendered in preparing the petition and securing the adjudication in bankruptcy. In re Independent Distillers of Kentucky, D.C.Ky.1940, 34 F.Supp. 708. After adjudication, the estate passes under the jurisdiction and control of the bankruptcy court and the interests of the petitioning creditors is merged into that of all of the creditors. In re Consolidated Distributors, 2 Cir., 1924, 298 F. 859. The property of the bankrupt is seized and administered thereafter by the trustee in bankruptcy for the benefit of all creditors and not the small minority of petitioning creditors. Matter of Munford, D.C.N.C.1919, 255 F. 108. Once this is done the work of the attorney for petitioning creditors is at an end and his duty to them ceases. The trustee in bankruptcy employs counsel of his own choosing to assist him in the administration of the estate. Attorneys for petitioning creditors will not be compensated out of estate funds for services to the estate after adjudication although the estate is benefited thereby. In re Floore, 5 Cir., 1926, 16 F.2d 113; Morse & Tyson v. Irving-Pitt Mfg. Co., 8 Cir., 1927, 18 F.2d 692. At the moment of adjudication the right of petitioning creditors to attorneys' fees ripens and becomes due. Unless the prohibitions contained in General Order 43 are present,[1] the exercise of the referee's discretion to disallow attorneys' fees is not called into play. No claim of collusion or lack of good faith is charged against Rosen and Taylor prior to the adjudication in bankruptcy;

1. "Order 43. Fees and Expenses of Attorneys for Petitioning Creditors

"The court may deny the allowance of any fee to the attorney for petitioning creditors or the reimbursement of his expenses, or both, if it shall appear that the proceedings were instituted in collusion with the bankrupt or were not instituted in good faith." 11 U.S.C.A. following section 53.

hence, the discretion to be exercised by the referee is limited to the amount of attorneys' fees allowable.

In considering the question presented in this case we should not lose sight of the fact that the bankruptcy law awards attorneys' fees to the petitioning creditors for services rendered them. They employ the attorneys and make the contract for compensation. The petitioning creditors here make no complaint that their interests were in any way jeopardized by the conduct of their attorneys subsequent to the termination of the services for which said attorneys were employed. In fact they are, with one exception, here demanding an allowance.

Order of disallowance reversed and cause remanded with instructions to referee to allow such fee to Rosen and Taylor for services rendered petitioning creditors as said referee shall deem just and reasonable.